UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ADERRICK ODOM,

                Petitioner,

                                            Case Number 16-11710

v.                                           Honorable David M. Lawson

SHERRY BURT,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Steven Aderrick Odom was convicted in a Michigan court of armed robbery and bank robbery. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court challenging those convictions. However, the state direct appeal proceedings have not concluded yet. The Michigan Supreme Court sent his case back to the trial court for resentencing, and that apparently has not occurred. Odom's petition, therefore, is premature. The Court will dismiss it without prejudice, leaving Odom to file a new petition after his state court convictions become final.

A Washtenaw County, Michigan jury convicted Odom of armed robbery, Mich. Comp. Laws § 750.529, and bank robbery, Mich. Comp. Laws § 750.531. The circuit court judge sentenced him to concurrent prison terms totaling 210 to 420 months. The Michigan Court of Appeals affirmed his convictions and sentences on direct appeal. *People v. Odom*, No. 304699 (Mich. Ct. App. Jan. 7, 2014). However, the Michigan Supreme Court held his application for leave to appeal in abeyance pending a decision by that court on a case that potentially impacted Odom's sentences. On October 28, 2015, that court reversed the court of appeals and remanded the case to the trial court to consider resentencing. *People v. Odom*, 498 Mich. 901, 870 N.W.2d 575 (2015) (table).

The petitioner dated his federal habeas petition on May 9, 2016 and it was filed in this Court on May 12, 2016. The Court has no information that resentencing took place, or if it did, whether the petitioner exhausted his state remedies from the new judgment.

Promptly after a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

In this case, the habeas petition must be dismissed because it is premature. The petitioner's convictions are not yet final, because the Michigan Supreme Court reversed and remanded his case to the state trial court for re-sentencing. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for resentencing, the judgment of conviction does not become final, for purposes of the statute of limitations, until the completion of direct review from the new judgment of sentence) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment")); *see also Rashad v. Lafler*, 675 F.3d 564, 567-78 (6th Cir. 2012) (discussing *Burton*). The record before the Court indicates that the petitioner is awaiting resentencing, which has apparently not yet been scheduled. *See* Washtenaw Co. Cir. Ct. Dkt. Sheet, Case No. 10-000618-FC, https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=144608. Once the resentencing procedure is completed, the petitioner will then have the opportunity to appeal that

decision in the state appellate courts. The petitioner cannot proceed on federal habeas review until his convictions and sentences are final in the state courts. His petition is therefore premature and must be dismissed.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. The Court does not retain jurisdiction.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 7, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 7, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI

---